UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

CHRISTOPHER BUCKENBERGER                CIVIL ACTION

v.                                      NO. 06-7393

WALTER REED, ET AL.                     SECTION "F"

ORDER AND REASONS

Introduction

On September 26, 2006, the petitioner, Christopher Buckenburger, filed this civil-rights complaint (the Reed case) against several defendants pursuant to 42 U.S.C. § 1983, alleging, among other things, police brutality, malicious prosecution, and violations of the Fourth Amendment to the U.S. Constitution.[1] He filed a second § 1983 civil-rights complaint (the Strain case), which was allotted to Judge Lance Africk, who dismissed the Strain case with prejudice on October 19, 2006.

The petitioner, a state pretrial detainee, claims that 1) he never received an order of the magistrate judge and, consequently, was not apprised of a deadline contained therein; 2) the magistrate judge erred in refusing service on the defendants in this case; 3) the magistrate judge improperly denied his request for copies of

---

[1] Under the prison mailbox rule, see Houston v. Lack, 487 U.S. 266, 270-72 (1988), Buckenberger filed the complaint on September 26, 2006. The clerk processed the complaint on October 11, 2006.

court-filed documents; 4) the magistrate judge improperly refused to consolidate this § 1983 case with the <u>Strain</u> case he was prosecuting; and 5) the magistrate judge improperly dismissed the <u>Strain</u> case after refusing consolidation. For his first claim, the petitioner appears to request that the magistrate judge's order be reopened so that he may be granted an extension from the time of the elapsed deadline; for his other claims, he appears to request that the magistrate judge's determinations be reversed.[2]

I.

A. Review of a Magistrate Judge's Rulings on Nondispositive Matters

28 U.S.C. § 636(b)(1)(A) provides that a district judge may designate a magistrate judge to hear and determine certain pretrial matters pending before the court. A district judge may modify or set aside any portion of the magistrate judge's order on a nondispositive matter "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." § 636(b)(1)(A). Federal Rule of Civil Procedure 72(a) provides that a party has ten days to object after being served with a copy of the magistrate judge's order.

---

[2] Buckenberger's prayers for relief, like his objections in general, are not a model of clarity. Nevertheless, the Court is satisfied that this is the relief sought by Buckenberger.

B.   Reopening an Order

Federal Rule of Civil Procedure 60(b) provides that "[o]n motion and upon such terms as are just, the court may relieve a party . . . from final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . or (6) any other reason justifying relief from the operation of the judgment."  A Rule 60 motion must be made within a "reasonable time," no later than one year after the judgment was entered.  Fed. R. Civ. P. 60(b).  In determining whether a Rule 60 motion should be granted, a court must balance the benefits of finality and the demands of justice.  See Seven Elves, Inc. v. Eskenazi, 635 F.2d 396, 402 (5th Cir. Unit A Jan. 1981).  While the decision to grant or withhold relief under Rule 60(b) lies within the sound discretion of the trial court, Helsing v. CSX Transp., Inc., 396 F.3d 632, 638 (5th Cir. 2005), "the desirability of orderliness and predictability in the judicial process speaks for caution in reopening judgments." Fackelman v. Bell, 564 F.2d 734, 736 (5th Cir. 1977).

II.

A.

Construing Buckenberger's petition liberally,[3] the Court has determined that his first claim seeks relief under to Rule 60(b)

---

[3] See Estelle v. Gamble, 429 U.S. 97, 106 (1976).

from a magistrate judge's order because he did not receive the order and was, therefore, unaware of the deadline contained in the order.[4]  Magistrate Judge Knowles, on November 13, 2006, granted Buckenberger's motion to file a memorandum to further present facts in his § 1983 case; the magistrate judge set a December 22, 2006 deadline.[5]  Buckenberger claims he never received the order.

Aside from the bare assertion of nonreceipt, Buckenberger points to a submission he sent the Court to substantiate his claim. On November 13, 2006, the Court received from Buckenberger a motion for copies of court documents, which the magistrate judge denied on November 20, 2006.[6]  Buckenberger maintains that the magistrate judge misinterpreted his motion as one requesting multiple court documents relating to his § 1983 case.  Buckenberger now claims he was simply inquiring into the status of his request for an extension to amend his complaint and was requesting a copy

---

[4] The Court does not treat Buckenberger's motion as one to reconsider the order because more than 10 days have passed since the magistrate judge issued his order.  Consequently, any motion to reconsider would be untimely.  See Fed. R. Civ. P. 59(e).

[5] This was the second extension offered to Buckenberger to amend his complaint.  See Dkt. Nos. 17, 18.

[6] In Buckenberger's petition, he erroneously maintains that the magistrate judge denied his motion for copies on January 18, 2007, but Buckenberger never moved in this case for copies in December 2006 or January 2007.

of any order relating thereto.[7] Although the timing of the motions[8] lends some credence to Buckenberger's post hoc explanation, the plain language of his proposed order, which he attached to his motion for copies, is clearly inconsistent with his claim. Buckenberger's proposed order reads in part: "Court further orders Office of Clerk to furnish plaintiff 1 copy of <u>all</u> submissions except initial 7393 [presumably, the complaint]."  Buckenberger clearly was not inquiring into whether the magistrate judge had ruled on his motion for an extension.[9]

But even if the Court were to believe Buckenberger's rather implausible explanation of events, he suffered no prejudice as a result of his alleged nonreceipt of the magistrate judge's order. The magistrate judge established a December 22, 2006 deadline for the amended complaint and, quite coincidentally, Buckenberger filed a 36-page memorandum on December 22, 2006 extensively detailing his relatively simple case.  Then, on December 28, 2006 (after the deadline), the Court also allowed Buckenberger to file a six-page

---

[7] Buckenberger erroneously claims that he sought a copy of a Report and Recommendation.  It appears, rather, that Buckenberger is referring to the magistrate judge's grant-of-extension order.

[8] The magistrate judge granted the motion to extend deadlines to amend the complaint on November 13, 2006, and the Court received Buckenberger's motion for copies the same day (which was later denied by the magistrate judge on November 20, 2006).

[9] Moreover, Buckenberger has previously sought copies of documents, see Dkt. Nos. 13, 14, further undermining his claim that this request should not be interpreted based on its plain language.

supplemental memorandum.  Thus, Buckenberger has had an adequate opportunity to present his claims, and he has taken advantage of this opportunity.[10]

Because the Court finds Buckenberger was not mistaken or surprised pursuant to Rule 60(b) and because there is no other reason justifying relief from the operation of the order, this claim must fail.

B.

Buckenberger's remaining claims challenge the propriety of decisions by the magistrate judge and are properly guided by Federal Rule of Civil Procedure 72.

Buckenberger challenges the magistrate judge's March 7, 2007 denial of his request for service on the defendants. Buckenberger, however, prematurely objected to the magistrate judge's order.  He filed his objection on February 22, 2007, and the clerk processed it on March 2, 2007–five days before the magistrate judge decided the issue.  The plain language of Rule 72(a) states that "[w]ithin 10 days <u>after</u> being served a copy of the magistrate judge's order, a party may serve and <u>file objections</u> to the order . . . ." (emphasis added).  Buckenberger

---

[10] In addition to the two memoranda Buckenberger filed in December 2006, Buckenberger filed an affidavit, two notices (one with exhibits), and two requests in January 2007.  <u>See</u> Dkt. Nos. 27-31.

has not objected to the magistrate judge's order within ten days after being served with the order; because the ten-day period has now expired, any objection Buckenberger may now make would be untimely.[11]  See Fed. R. Civ. P. 72(a).

But even if this Court were to consider Buckenberger's objection, it would find the claim meritless.  The magistrate judge's order correctly noted as follows:

> Plaintiff . . . filed with this Court two motions asking that he be allowed to file a written memorandum in support of his claims prior to the issuance of a Report and Recommendation in this matter.  Those motions were granted.  Plaintiff filed his memorandum on December 22, 2006.  In addition, he has continued to bombard the Court with additional documents, including supplemental memoranda and notices on December 28, 2006, and January 9, 17, and 24, 2007. . . . [T]he screening of this case has been delayed due to the

---

[11] This is not a situation where equitable tolling of Rule 72(a)'s ten-day window is appropriate.  There are no factors indicating that Buckenberger was the victim of an inequitable misfortune or a fundamental miscarriage of justice; rather, Buckenberger chose to object to a magistrate judge's order that had not yet issued.  See Gregg v. Linder, No. Civ.A. 02-1429, 2004 WL 421966, at *4 (E.D. La. Mar. 8, 2004) (Vance, J.) (unpublished) ("The Court has been able to find one circumstance only during which the ten-day period does not begin to run upon entry of the magistrate judge's ruling [on a nondispositive matter]. [That circumstance is a] motion to reconsider a magistrate judge's ruling, filed with the magistrate judge . . . .").  Although the Court has discretion to allow more time to a party to object to a magistrate judge's ruling, "'the mechanism by which that discretion is to be invoked and exercised'" is subject to Federal Rule of Civil Procedure 6(b)(2), requiring a party to request an extension and to demonstrate excusable neglect.  Id. (quoting Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 895-96 (1990)).  Buckenberger has made no demonstration of excusable neglect.

7

>      extensions requested <u>by plaintiff</u>, as well as
>      <u>his</u> continued supplemental filings for this
>      Court's consideration.[12]

The magistrate judge's finding of facts and his conclusions are certainly not "clearly erroneous" or "contrary to law."  As discussed above, the screening of Buckenberger's case has been delayed by his persistent requests for extensions and by his excessive court filings.

Buckenberger next challenges the magistrate judge's November 8, 2006 order, claiming that the magistrate judge improperly denied his request for copies of documents (which previously, as noted above, he argued was not a request for documents, but was a status request regarding his extension-of-time motion).  But more than ten days have passed since Buckenberger was served a copy of that order, and thus his objection is untimely.  <u>See</u> Fed. R. Civ. P. 72(a).

Buckenberger also challenges the magistrate judge's decision to refuse consolidation of the <u>Reed</u> case with the <u>Strain</u> case. But the magistrate judge issued the order on November 8, 2006, and consequently, because more than ten days have elapsed, Buckenberger's objection is similarly untimely.[13]  <u>See</u> Fed. R.

---

[12] Order, Mag. J. Knowles, Mar. 6, 2007, Dkt. No. 32 (emphasis in original).

[13] A magistrate judge's order denying a motion to consolidate is a nondispositive matter, see <u>Wright v. City of Peoria</u>, No. 05-1063, 2006 WL 90067, at *3 (C.D. Ill. Jan. 13, 2006) (unpublished), and thus objections to this order must be filed

Civ. P. 72(a).  Moreover, the Court notes that the issue is now moot.  Judge Lance Africk dismissed the Strain case on October 19, 2006.

Finally, Buckenberger claims that the "magistrate forced [the] plaintiff to use [a] 2nd [§] 1983 application unnecessarily to re-raise [his] probable cause claim [and] improperly dismissed 5670 [i.e., the Strain case]."  The "force" to which Buckenberger refers to is unclear and unsupported in the record.  The magistrate judge never issued an order in the Reed case that required Buckenberger to file an additional § 1983 petition.

For the foregoing reasons, the petitioner's motion is DENIED.[14]

New Orleans, Louisiana, April 17, 2007.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

within the ten-day window established by Rule 72(a).

[14]   As for Buckenberger's claim that the magistrate judge improperly dismissed the Strain action, Judge Africk adopted the Report and Recommendation of the magistrate judge and dismissed that case with prejudice in October 2006.  Thus, Buckenberger's remedy is now with the court of appeals, if he filed a timely notice of appeal.