UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

CHRISTOPHER BUCKENBERGER                    CIVIL ACTION

v.                                          NO. 06-7393

WALTER REED, ET AL.                         SECTION "F"

## ORDER AND REASONS

Before the Court is the plaintiff's motion for reconsideration. For the reasons that follow, the motion is DENIED.

The facts of this case are outlined in the Court's Order of April 17, 2007, in which the Court denied the plaintiff's March 2, 2007 motion for appeal of several of the magistrate judge's rulings. On May 18, 2007, the Court adopted the April 12, 2007 Report and Recommendations of the magistrate judge because no objection had been filed within ten days. The plaintiff now moves this Court to reconsider its adoption of the magistrate judge's Report and Recommendations.[1]

Although the Federal Rules of Civil Procedure do not recognize a motion for reconsideration, the Fifth Circuit has held that such

---

[1] The plaintiff's objections to the magistrate judge's Report and Recommendations were due on April 25, 2007. The plaintiff filed no objections until May 30, more than a month late. The plaintiff filed this motion to reconsider on June 4.

1

motions, if filed within ten days after entry of judgment, must be treated as motions to alter or amend under Rule 59(e); if filed after ten days, the Court must hold them to the more stringent standards of a Rule 60(b) motion for relief from judgment. Lavespere v. Niagara Machine & Tool Works, Inc., 910 F.2d 167, 173 (5th Cir. 1990), abrogated on other grounds by Little v. Liquid Air Corp., 37 F.3d 1069, 1075, n. 14 (5th Cir. 1994) (en banc). On May 18, 2007, the Court adopted the magistrate judge's report. The order was entered into the record on May 21. The plaintiff filed this motion on June 4. Because the present motion for reconsideration was filed more than ten days after entry of the Court's Order adopting the magistrate's report and questions this Court's ruling, the Court treats it as a motion under Federal Rule of Civil Procedure 60(b).

Because of interest in finality, motions for reconsideration may only be granted if the moving party shows there was a mistake of law or fact or presents newly discovered evidence that could not have been discovered previously. Templet v. Hydrochem, Inc., 367 F.3d 473, 478-79 (5th Cir. 2004). Moreover, Rule 60 motions should not be used to relitigate old matters, raise new arguments, or submit evidence that could have been presented earlier in the proceedings. See id. at 479; Simon v. United States, 891 F.2d 1154, 1159 (5th Cir. 1990). The grant of such a motion is an "extraordinary remedy." Indep. Coca-Cola Employees' Union of Lake

2

<u>Charles, No. 1060 v. Coca-Cola Bottling Co. United, Inc.</u>, No. 04-30142, 2004 WL 2554847, at *4 (5th Cir. Nov. 11, 2004) (citing <u>Templet v. Hydrochem, Inc.</u>, 367 F.3d 473, 479 (5th Cir. 2004)).

The plaintiff did not comply with the magistrate judge's instructions that objections be filed by April 25, 2007. Therefore, the Court adopted the magistrate judge's report based not only on its review of the complaint, the record, and the applicable law, but also on the fact that no objections were timely filed. Now, the plaintiff wishes the Court to reconsider its decision, but, again, provides no reasons or objections for the request. While the plaintiff may disagree with this Court's finding, the plaintiff raise no new arguments and appears to desire to relitigate the same issues raised in his motion to appeal of several of the magistrate judge's rulings dated March 2, 2007. The plaintiff does not present a mistake of law or fact that would entitle him to the extraordinary remedy that Rule 60 is designed to provide.

Accordingly,

IT IS ORDERED: that the plaintiff's motion for reconsideration is DENIED.

New Orleans, Louisiana, June 18, 2007.

MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

3