**UNITED STATES  DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**CHRISTOPHER BUCKENBERGER**                    **CIVIL ACTION**

**VERSUS**                                       **NO. 06-7393**

**WALTER REED - DISTRICT**                       **SECTION:  "F"(3)**
**ATTORNEY, ET AL.**

### REPORT AND RECOMMENDATION

Plaintiff, Christopher Buckenberger, a state prisoner, filed this *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 against Walter Reed, Joseph Oubre, Scott Gardner, Ernest Barrows, Robert Stamps, John Simmons, and Haywood Jarrell.  All of plaintiff's claims have been dismissed except for the following individual-capacity claims against Jarrell:  (1) plaintiff was falsely arrested by Jarrell; (2) Jarrell used excessive force to effect that arrest; and (3) Jarrell failed to secure a timely probable cause determination after the arrest.[1]

---

[1] Rec. Doc. 41.

Plaintiff has now filed a motion for default judgment against Jarrell,[2] and Jarrell has filed a motion for summary judgment against plaintiff.[3]  For the following reasons, the Court finds that the former motion should be denied and the latter motion should be granted.

<u>Plaintiff's Motion for Default Judgment</u>

Plaintiff has filed a motion for default judgment against Jarrell.[4]  Jarrell has opposed that motion,[5] and plaintiff has opposed Jarrell's opposition.[6]  Plaintiff's motion is utterly without merit for several reasons and, therefore, should be denied.

First, this civil action is subject to the Prison Litigation Reform Act of 1995 (PLRA). "[D]efendants do not have to respond to a complaint covered by the PLRA until required to do so by the court, and waiving the right to reply does not constitute an admission of the allegations in the complaint." <u>Jones v. Bock</u>, 127 S.Ct. 910, 920 (2007); 42 U.S.C. § 1997e(g)(1).  In the instant case, it was not until June 4, 2007, that Jarrell was first ordered to respond to the complaint, and the Court gave him fifteen days from that date to file his response.[7]  Jarrell filed his answer on June 18, 2007, within the deadline set by the Court.  Accordingly, Jarrell was never in default.

---

[2] Rec. Doc. 91.

[3] Rec. Doc. 86.

[4] Rec. Doc. 91.

[5] Rec. Doc. 92.

[6] Rec. Doc. 104.

[7] Rec. Doc. 50.

Second, even if Jarrell had been in default, *which he was not*, plaintiff's motion was premature because the Clerk of Court had not entered a default pursuant to Fed.R.Civ.P. 55(a). Griffin v. Foti, Civ. Action No. 03-1274, 2003 WL 22836493, at *1 (E.D. La. Nov. 24, 2003); Great Atlantic and Pacific Tea Co. v. Heath, Civ. Action No. 95-509, 1995 WL 258317, at *1 (E.D. La. Apr. 27, 1995).

Third, in any event, the entry of a default judgment is matter of discretion, and "a party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default. In fact, default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." Lewis v. Lynn, 236 F.3d 766, 767 (5th Cir. 2001) (quotation marks, brackets, and citations omitted); Griffin, 2003 WL 22836493, at *1. A default judgment certainly is not appropriate in a case such as this one.

### Defendant's Motion for Summary Judgment

Jarrell has filed a motion for summary judgment pursuant to Fed.R.Civ.P. 56,[8] which plaintiff has opposed.[9] In reviewing a motion for summary judgment, the Court may grant judgment when no genuine issue of material fact exists and the mover is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). "Procedurally, the party moving for summary judgment bears the initial burden of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact." Taita Chemical Co., Ltd. v. Westlake Styrene Corp., 246 F.3d 377, 385 (5th Cir. 2001) (quotation marks and brackets

---

[8] Rec. Doc. 86.

[9] Rec. Docs. 105 and 112.

3

omitted).  The party opposing summary judgment must then "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986) (quoting Fed.R.Civ.P. 56); see also Provident Life and Accident Ins. Co. v. Goel, 274 F.3d 984, 991 (5th Cir. 2001).  There is no "genuine issue" when the record taken as a whole could not lead a rational trier of fact to find for the nonmovant.  Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

The facts in the instant case are relatively simple.  Jarrell, an officer with the Madisonville Police Department, arrested plaintiff on February 22, 2006.  Plaintiff was booked with simple battery on a police officer, resisting arrest, aggravated assault on a police officer, attempted rape, attempted murder, disturbing the peace, and second degree battery.  After the arrest, Jarrell transferred custody to the St. Tammany Parish Sheriff's Office.[10]

By bill of information, plaintiff was subsequently formally charged with attempted second degree murder, attempted forcible rape, second degree kidnaping, and two counts of public intimidation.[11]  On March 15, 2007, a jury trial was held and he was convicted on all charges.[12]  On March 22, 2007, he was sentenced as follows:  on the attempted second degree murder conviction to a term of twenty-five years imprisonment without benefit of parole, probation, or suspension of sentence; on the attempted forcible rape conviction to a term of twenty years imprisonment; on the

---

[10]  Rec. Doc. 86, Exhibits 1 and 2.

[11]  Rec. Doc. 86, Exhibit 6.

[12]  Rec. Doc. 86, Exhibit 12.

second degree kidnaping conviction to a term of twenty years imprisonment without benefit of parole, probation, or suspension of sentence; and on each of the convictions for public intimidation to a term of five years imprisonment.  It was ordered that his sentences run concurrently.[13]  On May 29, 2007, he was subsequently found to be a third offender and was resentenced as such on the attempted second degree murder conviction to a term of life imprisonment without benefit of parole, probation, or suspension of sentence.[14]

By a separate bill of information, plaintiff was also charged with battery of a police officer, resisting an officer, and simple assault.  Plaintiff pleaded guilty to all three of those charges and, on July 13, 2007, was sentenced on each conviction to a concurrent term of sixty days in parish jail.[15]

In his motion for summary judgment, Jarrell argues that plaintiff's subsequent convictions bar his claims for false arrest.  He is correct.  In Heck v. Humphrey, 512 U.S. 477 (1994), the United States Supreme Court stated:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.  Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the

---

[13]  Rec. Doc. 86, Exhibit 13.

[14]  Rec. Doc. 86, Exhibit 14.

[15]  Rec. Doc. 86, Exhibit 15.

plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Id. at 486-87 (emphasis in original) (footnote omitted).  A favorable judgment on plaintiff's false arrest claim would necessarily imply the invalidity of his subsequent convictions based on the charges stemming from his arrest.  Therefore, Heck clearly bars plaintiff from bringing his claim for false arrest until he has received a favorable termination on *all* charges for which he was arrested.  Wells v. Bonner, 45 F.3d 90, 95 (5th Cir. 1995); see also Vicknair v. St. John the Baptist Parish, Civil Action No. 97-3690, 1998 WL 104669, at *4 (E.D. La. Mar. 5, 1998) (Wilkinson, M.J.) (adopted by Clement, J., on Apr. 9, 1998); Thompson v. City of Galveston, 979 F. Supp. 504, 507 (S.D. Tex. 1997), aff'd, 158 F.3d 583 (5th Cir. 1998).

Jarrell further argues that, in light of plaintiff's conviction for battery on a police officer, Heck likewise bars his claim that Jarrell used excessive force during the arrest.  Again, Jarrell is correct.

In Hudson v. Hughes, 98 F.3d 868 (5th Cir. 1996), the United States Fifth Circuit Court of Appeals held that Heck barred a plaintiff's excessive force claim against the arresting officers because the plaintiff had been convicted of battery on the officers based on the same incident.  The Court of Appeals held:

> [Plaintiff] was arrested and convicted of battery of an officer.  In Louisiana, self-defense is a justification defense to the crime of battery of an officer.  See LSA-R.S. 14:19; Louisiana v. Blancaneaux, 535 So.2d 1341 (La.App.1988) (discussing justification defense to battery of officer conviction).  To make out a justification defense, the criminal defendant charged with battery of an officer must show that his use of force against an officer was both reasonable and necessary to prevent a forcible offense against himself.  Blancaneaux, 535 So.2d at 1342. Because self-defense is a justification defense to the crime of battery of an officer, [plaintiff's] claim that [the arresting officers] used excessive force while

apprehending him, if proved, necessarily would imply the invalidity of his arrest and conviction for battery of an officer.  This is true because the question whether the police applied reasonable force in arresting him depends in part on the degree of his resistance, which in turn will place in issue whether his resistance (the basis of his conviction for assaulting a police officer) was justified, which, if it were, necessarily undermines that conviction.  We conclude therefore that to the extent that [plaintiff] seeks to recover ... for the defendants' alleged use of excessive force during his arrest, his section 1983 action may not proceed.

Hudson, 98 F.3d at 873 (footnote omitted).

In the instant case, plaintiff was similarly charged with committing a battery on Jarrell, the arresting officer, during the course of the arrest.  Plaintiff pleaded guilty to that charge, and his resulting conviction has not been invalidated in either the state or federal courts.  Accordingly, pursuant to Hudson, it is clear that plaintiff's excessive force claim is barred by Heck until such time as he obtains a favorable disposition on his conviction for battery on Jarrell.[16]

Lastly, Jarrell argues that he is also entitled to summary judgment on the claim that he failed to secure a timely probable cause determination after the arrest.  For the following reasons, this Court agrees.

As was discussed at length in the prior Partial Report and Recommendation issued in this case,[17] in Gerstein v. Pugh, 420 U.S. 103 (1975), the United States Supreme Court held that a state "must provide a fair and reliable determination of probable cause as a condition for any significant pretrial restraint of liberty, and this determination must be made by a judicial officer either before

---

[16]   The Court also notes that plaintiff additionally pleaded guilty to resisting an officer.  It appears that Heck would also bar plaintiff's excessive force based on that conviction.  See Arnold v. Slaughter, 100 Fed. App'x 321 (5th Cir. 2004).

[17]   Rec. Doc. 34.

7

or promptly after arrest." Id. at 125 (footnotes omitted).  Sixteen years later, in County of Riverside

v. McLaughlin, 500 U.S. 44 (1991), the Supreme Court revisited Gerstein because its "promptness"

standard had proven to be unworkably vague.  The Supreme Court then held that "a jurisdiction that

provides judicial determinations of probable cause within 48 hours of arrest will, as a general matter,

comply with the promptness requirement of Gerstein."  Id. at 56.  However, the Court continued:

> This is not to say that the probable cause determination in a particular case passes constitutional muster simply because it is provided within 48 hours.  Such a hearing may nonetheless violate Gerstein if the arrested individual can prove that his or her probable cause determination was delayed unreasonably.  Examples of unreasonable delay are delays for the purpose of gathering additional evidence to justify the arrest, a delay motivated by ill will against the arrested individual, or delay for delay's sake.  In evaluating whether the delay in a particular case is unreasonable, however, courts must allow a substantial degree of flexibility.  Courts cannot ignore the often unavoidable delays in transporting arrested persons from one facility to another, handling late-night bookings where no magistrate is readily available, obtaining the presence of an arresting officer who may be busy processing other suspects or securing the premises of an arrest, and other practical realities.
>
> Where an arrested individual does not receive a probable cause determination within 48 hours, the calculus changes.  In such a case, the arrested individual does not bear the burden of proving an unreasonable delay.  Rather, the burden shifts to the government to demonstrate the existence of a bona fide emergency or other extraordinary circumstance.  The fact that in a particular case it may take longer than 48 hours to consolidate pretrial proceedings does not qualify as an extraordinary circumstance.  Nor, for that matter, do intervening weekends.

Id. at 56-57.

Jarrell, who is a police officer with the Madisonville Police Department, has submitted an

affidavit concerning the events in this case.  Regarding the processing of plaintiff after his arrest,

Jarrell states:

> 7.   Christopher Buckenberger was then transported to the Madisonville Police Department where his identity as Christopher Buckenberger was confirmed, he was booked accordingly and a booking information sheet was filled out establishing probable cause for his arrest for simple battery on a police

officer, resisting arrest, aggravated assault on a police officer, attempt rape, attempt murder, disturbing the peace by drunk, and second degree battery on the female victim.  (See Exhibit 1 attached)  Christopher Buckenberger was also advised of his Miranda Rights a second time, and refused to sign the Statement of Miranda Rights sheet (See exhibit 2 attached).

8.     The City of Madisonville does not have a lockup facility, therefore, all arrested persons are brought to the St. Tammany Parish Sheriff's Office Jail.  Christopher Buckenberger was transported to the St. Tammany Parish Sheriff's Office Jail and turned over and released to the custody of the St. Tammany Parish Sheriff's Office jailer on duty to await formal charges by the St. Tammany Parish District Attorney.  At the time of his release into the custody of the St. Tammany Parish Sheriff's Office, the St. Tammany Parish Sheriff's Office Booking Information Sheet and the Statement of Miranda Rights were turned into the St. Tammany Parish Sheriff's Office as proof and support for the arrest.[18]

Jarrell does not dispute plaintiff's contention that a probable cause hearing was not held within forty-eight hours; rather, Jarrell appears to concede that the first judicial hearing was held on February 27, 2006, some five days after the arrest.[19]  However, Jarrell takes the position that he was no longer responsible for plaintiff after he transferred custody to the St. Tammany Parish Sheriff's Office on the day of the arrest.  Therefore, the underlying facts of this claim are not disputed; rather, only a question of law exists as to whether Jarrell can be held legally responsible for the delay.

In normal circumstances, the Court would not hesitate to find that the arresting officer is the person to be held legally responsible.  As noted in the original Partial Report and Recommendation in this case, "[t]he overwhelming body of law has always been that the person effecting a warrantless arrest of a suspect is the individual charged with delivering the arrestee to a magistrate

---

[18]  Rec. Doc. 86, Exhibit 1.

[19]  See Rec. Doc. 86, Statement of Indisputable Material Facts, ¶ 12.

as soon as practicable." <u>Leschorn v. Fitzgerald</u>, No. 97-3421, 1998 WL 69036, at *2 (6th Cir. Feb. 9, 1998).  Moreover, it is clear that state law likewise imposes the responsibility on the arresting officer:

> A law enforcement officer effecting the arrest of a person without a warrant shall promptly complete an affidavit of probable cause supporting the arrest of the person and submit the same to a magistrate.  Persons continued or remaining in custody pursuant to an arrest made without a warrant shall be entitled to a determination of probable cause within forty-eight hours of arrest.  The probable cause determination shall be made by a magistrate and shall not be an adversary proceeding.  The determination may be made without the presence of the defendant and may be made upon affidavits or other written evidence.  A magistrate's determination of probable cause hereunder shall not act as a waiver of a person's right to a preliminary examination pursuant to Article 292.

La.C.Cr.P. art. 230.2(A).[20]

Nevertheless, this is not a normal case, in that shortly after the arrest, and certainly long before any impermissible delay occurred, Jarrell, an officer with the Madisonville Police Department, transferred plaintiff into the custody of St. Tammany Parish Sheriff's Office for detention and all further proceedings.  At that point, neither Jarrell nor the municipal entities with which he was affiliated had custody or control of plaintiff.  Therefore, Jarrell should not be held

---

[20]  The Supreme Court has made clear that the precise mechanism by which the constitutional protection at issue is met is a matter left to the individual states:

> [W]e recognize that state systems of criminal procedure vary widely.  There is no single preferred pretrial procedure, and the nature of the probable cause determination usually will be shaped to accord with a State's pretrial procedure viewed as a whole.  While we limit our holding to the precise requirement of the Fourth Amendment, we recognize the desirability of flexibility and experimentation by the States.

<u>Gerstein</u>, 420 U.S. at 123.

responsible on this claim because it simply cannot be said that he "caused or participated in the delay in providing plaintiff a prompt probable cause determination." Strepka v. Miller, 28 Fed. App'x 823, 828 (10th Cir. 2001). To hold otherwise would run afoul of the clear rule that an individual may be held liable in a § 1983 action only if he was personally involved in the purported violation. Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983) ("Personal involvement is an essential element of a civil rights cause of action."). Accordingly, the Court finds that Jarrell is entitled to summary judgment on the claim that he failed to secure a timely probable cause determination after plaintiff's arrest.

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's motion for default judgment, Rec. Doc. 41, be **DENIED**.

It is **FURTHER RECOMMENDED** that defendant's motion for summary judge, Rec. Doc. 86, be **GRANTED**.

It is **FURTHER RECOMMENDED** that plaintiff's individual-capacity claims against Haywood Jarrell for false arrest and excessive force be **DISMISSED WITH PREJUDICE** to their being asserted again until the Heck conditions are met.

It is **FURTHER RECOMMENDED** that plaintiff's individual-capacity claim against Haywood Jarrell for failure to secure a timely probable cause determination be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being

served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this nineteenth day of November, 2007.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**