# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHRISTOPHER BUCKENBERGER** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-7393** |
| **WALTER REED - DISTRICT ATTORNEY, ET AL.** | **SECTION: "F" (3)** |

## O R D E R

Plaintiff has filed a rambling and largely unintelligible document with the Court. Rec. Doc. 166. In that the Court is unable to decipher the document or discern what, if anything, plaintiff is seeking, the Court hereby assumes that the document requires no action. However, out of an abundance of caution, the Court nevertheless makes the following observations regarding that filing.

First, plaintiff appears to expect the Court to serve the document on the opposing party. However, service of such documents is plaintiff's responsibility. See Fed.R.Civ.P. 5.

Second, plaintiff appears to allege that the Court is in some unspecified way impeding his ability to conduct discovery. That contention is patently false. At the conference held on September 28, 2009, plaintiff requested a delay in the proceedings to allow him to conduct discovery. That request was granted, and the Court afforded plaintiff approximately four months to conduct discovery. Rec. Doc. 149. On December 21, 2009, plaintiff then filed a motion for an additional sixty days to complete discovery. Rec. Doc. 153. The Court likewise granted that motion, and set a status conference for March 16, 2010. Rec. Doc. 159. By the time that conference is held, plaintiff will have had almost sixth months to complete discovery from the time of his initial request. That period of time is clearly sufficient to complete the routine discovery in this case, and, in light of the fact that the case has now been pending for well over three years, further delays are

unwarranted.

Third, plaintiff apparently desires to amend the complaint to add additional defendants. If that is indeed plaintiff's desire, he should file a motion for leave to file an amended complaint with the proposed amended complaint attached. In drafting any amended complaint, the plaintiff is cautioned that the United States Supreme Court has held:

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." ... [T]he pleading standard Rule 8 announces does not require detailed factual allegations, but *it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.*

Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (emphasis added) (citations, quotation marks, and brackets omitted). The Supreme Court has further held that a complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *In re* Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted), cert. denied, 128 S. Ct. 1230 and 1231 (2008). The Supreme Court has explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Iqbal, 129 S.Ct. at 1949 (citations and quotation marks omitted).

Further, the Court notes that, in the document he filed, plaintiff made references to Monell v. Department of Social Services, 436 U.S. 658 (1978). He is therefore further warned that the United States Fifth Circuit Court of Appeals has held:

> In order to hold a municipality or a local government unit liable under Section 1983 for the misconduct of one of its employees, a plaintiff must initially allege that an official policy or custom was a cause in fact of the deprivation of rights inflicted. To satisfy the cause in fact requirement, a plaintiff must allege that the custom or policy served as a moving force behind the constitutional violation at issue or that [his] injuries resulted from the execution of an official policy or custom. *The description of a policy or custom and its relationship to the underlying constitutional violation, moreover, cannot be conclusory; it must contain specific facts.*

Spiller v. City of Texas City, Police Department, 130 F.3d 162, 167 (5th Cir. 1997) (emphasis added) (quotation marks, brackets, and citations omitted). Moreover, "[a] plaintiff may not infer a policy merely because harm resulted from some interaction with a governmental entity." Colle v. Brazos County, Texas, 981 F.2d 237, 245 (5th Cir. 1993); see also Wetzel v. Penzato, Civ. Action No. 09-7211, 2009 WL 5125465, at *3 (E.D. La. Dec. 23, 2009). Rather, he must *identify* the policy or custom which allegedly caused the deprivation of his constitutional rights. See, e.g., Murray v. Town of Mansura, 76 Fed. App'x 547, 549 (5th Cir. 2003); Treece v. Louisiana, 74 Fed. App'x 315, 316 (5th Cir. 2003); Wetzel, 2009 WL 5125465, at *3.

New Orleans, Louisiana, this third day of March, 2010.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**