# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHRISTOPHER BUCKENBERGER** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-7393** |
| **WALTER REED - DISTRICT ATTORNEY, ET AL.** | **SECTION: "F" (3)** |

## ORDER AND REASONS

Plaintiff has filed a motion for leave to file an amended complaint. Rec. Doc. 168. For the following reasons, that motion is **GRANTED IN PART AND DENIED IN PART**.

### I. Background

On or about September 26, 2006, plaintiff filed this lawsuit pursuant to 42 U.S.C. § 1983 against Walter Reed, Joseph Oubre, Scott Gardner, Ernest Barrows, Robert Stamps, John Simmons, and Haywood Jarrell. Because plaintiff's complaint was virtually incomprehensible, the Court directed that issuance of summons be withheld until the complaint could be screened as mandated by 28 U.S.C. § 1915A. A Spears hearing was then held on October 26, 2006, to allow plaintiff a meaningful opportunity to advise the Court of the nature and factual basis of his claims. See Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985). Based on plaintiff's filings and Spears hearing testimony, the Court determined that plaintiff was claiming that (1) he was falsely arrested for attempted murder and simple assault on a police officer, (2) excessive force was used to effect that

arrest, and (3) he was not afforded a timely probable cause determination.

On April 12, 2007, the undersigned issued a report making the following recommendations:

1. The individual-capacity claims against Reed, Oubre, and Gardner should be dismissed based on absolute prosecutorial immunity;

2. The official-capacity claims against Reed, Oubre, and Gardner should be dismissed based on plaintiff's failure to allege that the purported constitutional violations stemmed from an official policy or custom;

3. The claims against Stamps, Barrows, and Simmons should be dismissed because they are not state actors;

4. The official-capacity claims against Jarrell should be dismissed based on plaintiff's failure to allege that the purported constitutional violations stemmed from an official policy or custom; and

5. The individual-capacity claims against Jarrell should be allowed to proceed pending further review.[1]

On May 18, 2007, the United States District Judge adopted the report and recommendations and dismissed with prejudice all of plaintiff's claims except for the individual-capacity claims against Jarrell.[2]

On September 6, 2007, Jarrell then filed a motion for summary judgment asking that the

---

[1] Rec. Doc. 34. Based on the finding that only the individual-capacity claims against Jarrell should be allowed to proceed, the undersigned ordered that summons be issued with respect to that defendant alone.

[2] Rec. Doc. 41.

individual-capacity claims against him be dismissed.[3] Plaintiff opposed that motion.[4] On November 19, 2007, the undersigned issued a report making the following recommendations:

1. The claims against Jarrell for false arrest and excessive force should be dismissed as currently barred by Heck v. Humphrey, 512 U.S. 477 (1994); and

2. The claim against Jarrell for failing to secure a timely probable cause determination should be dismissed because, even if a constitutional violation had been committed in that respect, Jarrell was not responsible for that violation because he transferred custody of plaintiff to the St. Tammany Parish Sheriff's Office long before any impermissible delay occurred.[5]

On January 10, 2008, the United States District Judge adopted the report and recommendations and dismissed the individual-capacity claims against Jarrell.[6] Judgment was entered.[7]

Plaintiff appealed.[8] On August 18, 2009, the United States Fifth Circuit Court of Appeals affirmed in part, reversed in part, and remanded the matter for further proceedings.[9] The *only* part

---

[3] Rec. Doc. 86.

[4] Rec. Docs. 105 and 112.

[5] Rec. Doc. 121.

[6] Rec. Doc. 128.

[7] Rec. Doc. 129.

[8] Rec. Doc. 132.

[9] Rec. Doc. 145; Buckenberger v. Reed, 342 Fed. App'x 58 (5th Cir. 2009).

of this Court's judgment which was reversed was the dismissal of the individual-capacity claim against Jarrell for failing to secure a timely probable cause determination. The Court of Appeals noted:

> The Supreme Court has stated that "the Fourth Amendment requires a judicial determination of probable cause as a prerequisite to extended restraint of liberty following arrest." When an arrest is made without a warrant, the arrestee is entitled to a "timely judicial determination of probable cause." The Supreme Court has held that a probable cause determination made within forty-eight hours of arrest will generally comply with this requirement. If no determination is made within forty-eight hours, the burden shifts to the government to demonstrate that the delay was justified by the existence of an emergency or other extraordinary circumstance. States are allowed to adopt their own procedures to satisfy the Fourth Amendment requirements. Under Louisiana Code of Criminal Procedure article 230.2:
>
>> Persons continued or remaining in custody pursuant to an arrest made without a warrant shall be entitled to a determination of probable cause within forty-eight hours of arrest.
>
> Jarrell does not dispute that Buckenberger did not receive a probable cause determination within forty-eight hours of his warrantless arrest and offers no explanation for the delay.[10]

The Court of Appeals concluded that "[t]he failure to bring Buckenberger before a magistrate within forty-eight hours to determine if probable cause existed is a violation of Buckenberger's Fourth Amendment rights" and that "[b]ased on the record and briefs before us, we cannot conclude as a matter of law that Jarrell's failure to provide an affidavit to the magistrate was not causally connected to the deprivation."[11] The Court of Appeals then held:

> There is a question as to whether the other named defendants as well as "unidentified parties" shared in the liability for the violation of Buckenberger's

---

[10] Rec. Doc. 145; <u>Buckenberger</u>, 342 Fed. App'x at 62 (footnotes omitted).

[11] Rec. Doc. 145; <u>Buckenberger</u>, 342 Fed. App'x at 63.

Fourth Amendment rights. "It may be that some, or perhaps none, of the named defendants can be held responsible" for the constitutional violation. Buckenberger never had an opportunity for discovery because the district court never ordered service of process on the defendants other than Jarrell. Discovery may yield additional parties responsible for the violation of Buckenberger's Fourth Amendment rights. "When a pro se plaintiff's suit raises a constitutional claim, but he has inadvertently sued the wrong parties, he should [be] given leave to amend to sue the appropriate party or parties." Buckenberger's allegations show a probable constitutional violation by someone. Therefore, we remand this issue to the district court for further proceedings.[12]

Plaintiff has since had almost seven months from the order of remand to conduct discovery, and, presumably based on findings made during that discovery, has filed the instant motion for leave to file an amended complaint.

## II. Plaintiff's Motion for Leave to File an Amended Complaint

Although plaintiff's motion for leave to file an amended complaint is largely incomprehensible, it appears that he is seeking leave to amend the complaint to add claims against the City of Madisonville, St. Tammany Parish Sheriff Jack Strain, District Attorney Walter Reed, and Assistant District Attorney Bruce Dearing.

Plaintiff wishes to add the City of Madisonville as a defendant because Jarrell is an officer of the Madisonville Police Department. It appears that the theory of plaintiff's proposed claim against the City is that the City failed to properly train Jarrell.[13] Regarding such claims, the United States Fifth Circuit Court of Appeals recently explained:

> Cities are not liable for constitutional violations committed by city employees unless those violations result directly from a municipal custom or policy. See, e.g.,

---

[12] Rec. Doc. 145; Buckenberger, 342 Fed. App'x at 63-64 (footnotes omitted).

[13] Rec. Doc. 168, p. 6.

–5–

City of Canton, Ohio v. Harris, 489 U.S. 378, 385, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989); Conner v. Travis County, 209 F.3d 794, 796 (5th Cir. 2000). Liability under the doctrine of *respondeat superior* is not cognizable in § 1983 actions. Cozzo v. Tangipahoa Parish Council-President Gov't, 279 F.3d 273, 286 (5th Cir. 2002). It is, however, "clear that a municipality's policy of failure to train its police officers can rise to § 1983 liability." Brown v. Bryan County, 219 F.3d 450, 456 (5th Cir. 2000). For the purposes of § 1983, an official policy is a

> policy statement, ordinance, regulation or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority. Alternatively, official policy is a persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy. Finally, a final decisionmaker's adoption of a course of action tailored to a particular situation and not intended to control decisions in later situations' [sic] may, in some circumstances, give rise to municipal liability under § 1983.

Id. at 457 (internal citations and quotations omitted).

For [a plaintiff] to succeed on [his] failure to train claim against [a municipality], [he] must demonstrate that: (1) [the municipality's] training policy procedures were inadequate, (2) [the municipality] was deliberately indifferent in adopting its training policy, and (3) the inadequate training policy directly caused [the constitutional violation alleged]. See Baker v. Putnal, 75 F.3d 190, 200 (5th Cir. 1996); see also Pineda v. City of Houston, 291 F.3d 325, 332 (5th Cir. 2002).

The Supreme Court has explained "that a municipality can be liable for failure to train its employees when the municipality's failure shows 'a deliberate indifference to the rights of its inhabitants.'" Farmer v. Brennan, 511 U.S. 825, 840, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (citing City of Canton, 489 U.S. at 389, 109 S.Ct. 1197). "Deliberate indifference is more than mere negligence." Conner, 209 F.3d at 796 (citation omitted). [A plaintiff] must show that "in light of the duties assigned to specific officers or employees, the need for more or different training is obvious, and the inadequacy so likely to result in violations of constitutional rights, that the policymakers of the city can reasonable be said to have been deliberately indifferent to the need." City of Canton, 489 U.S. at 390, 109 S.Ct. 1197.

Finally, a showing of deliberate indifference is difficult, although not impossible, to base on a single incident. Gabriel v. City of Plano, 202 F.3d 741, 745 (5th Cir. 2000); Conner, 209 F.3d at 797. Claims of inadequate training generally require that the plaintiff demonstrate a pattern. Davis v. City of N. Richland Hills, 406 F.3d 375, 383 n. 34 (5th Cir. 2005) (citation omitted). "Notice of a pattern of

similar violations is required." Id. at 383. The prior acts must be "fairly similar to what ultimately transpired and, in the case of excessive use of force, that the prior act must have involved injury to a third party." Id. The "single incident exception" is narrow and to rely on the exception "a plaintiff must prove that the highly predictable consequence of a failure to train would result in the specific injury suffered, and that the failure to train represented the moving force behind the constitutional violation." Id. at 386 (quoting Brown, 219 F.3d at 462) (internal quotation marks omitted).

Sanders-Burn v. City of Plano, 594 F.3d 366, 380-81 (5th Cir. 2010).

Based on the foregoing, it is evident that the failure-to-train claim plaintiff desires to assert against the City of Madisonville is cognizable. Therefore, the next question is whether that claim is timely.

Because the incidents giving rise to plaintiff's claim occurred in 2006, plaintiff would normally have been required to assert his claim before it prescribed in 2007.[14] However, the United States Fifth Circuit Court of Appeals has held:

> An amended complaint may "relate back" to an original complaint for statute of limitations purposes. Whether an amended complaint relates back to an original complaint is governed by Rule 15(c), which states in relevant part:
>
> > (1) *When an Amendment Relates Back.* An amendment to a pleading relates back to the date of the original pleading when:
> >
> > ....

---

[14] "[F]or a § 1983 action, the court looks to the forum state's personal-injury limitations period. In Louisiana, that period is one year." Jacobsen v. Osborne, 133 F.3d 315, 319 (5th Cir. 1998) (citation omitted); see also Clifford v. Gibbs, 298 F.3d 328, 332 (5th Cir. 2002); Smith v. Orleans Parish Prison, Civ. Action No. 08-3786, 2008 WL 2951279, at *1 (E.D. La. July 25, 2008); La. Civ. Code Ann. art. 3492. "Ordinarily, a cause of action under section 1983 accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." Price v. City of San Antonio, Texas, 431 F.3d 890, 893 (5th Cir. 2005) (quotation marks omitted); see also Smith, 2008 WL 2951279, at *1.

> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading; or
>
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party is brought in by amendment:
>
>> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>>
>> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.
>
> Fed.R.Civ.P. 15(c). Thus, for [a plaintiff] to establish that the amended complaint relates back to the original complaint, he must demonstrate that the amended pleading satisfies the elements provided in Rule 15(c)(1)(B)-(C):
>
>> (1) it must arise from the same transaction or occurrence as the original pleading ... and (2) ... the party named in the amended pleading must have both received sufficient notice of the pendency of the action so as not to be prejudiced in preparing a defense, and have known or should have known that but for a mistake of identity the party would have been named in the original pleading.
>
> *See* STEVEN BAICKER-MCKEE, WILLIAM M. JANSSEN, & JOHN B. CORR, FEDERAL CIVIL RULES HANDBOOK 531-32 (2009).

Sanders-Burn, 594 F.3d at 372-73 (footnote omitted).

The first requirement poses little problem in the instant case, in that plaintiff's proposed claim against the City of Madisonville clearly arises from the same occurrence as the claims asserted in the original complaint.

The Court additionally finds that the second requirement is also met. In the original complaint, plaintiff named as a defendant Haywood Jarrell, who is an officer with the Madisonville

Police Department. Although it was never entirely clear from the complaint, the complaint could arguably be construed as asserting claims against Jarrell in both his individual and official capacities. Of course, any claim against Jarrell in his official capacity would have in reality been a claim against the City of Madisonville.[15] Therefore, when Jarrell was served in this case, the City of Madisonville received sufficient notice of the pendency of this action so as to suffer no prejudice if the proposed amendment is allowed. See Allen v. Yates, No. CIV-08-215, 2009 WL 661378, at *3 (E.D. Okla. Mar. 11, 2009); Gedrich v. Fairfax County Department of Family Services, 282 F.Supp.2d 439, 458 (E.D. Va. 2003); Rae v. Klusak, 810 F.Supp. 983, 985 (N.D. Ill. 1993). Accordingly, the amendment to add the City of Madisonville as a defendant will be allowed.

Plaintiff's desire to add St. Tammany Parish Sheriff Jack Strain as a defendant, however, cannot be allowed. The defendants named in the original complaint had no connection to Sheriff Strain or the St. Tammany Parish Sheriff's Office, and Sheriff Strain has never had any notice of this suit. Moreover, there is simply no basis whatsoever to conclude that he knew or should have known that this action would have been brought against him but for a mistake in naming a proper defendant. Accordingly, it would not be appropriate to allow plaintiff to name Strain as a defendant these many years later.

Lastly, plaintiff also seeks to amend the complaint to add claims against District Attorney Walter Reed and Assistant District Attorney Bruce Dearing. As previously noted, Reed was named

---

[15] "Official capacity suits generally represent another way of pleading an action against an entity of which an officer is an agent." Burge v. Parish of St. Tammany, 187 F.3d 452, 466 (5th Cir. 1999). Accordingly, an official-capacity claim against Jarrell would in reality be a claim against the local governmental entity he serves, i.e. the City of Madisonville.

as a defendant in the original complaint. As also noted, the claims against Reed were dismissed, and that dismissal was affirmed by the United States Fifth Circuit Court of Appeals. Because plaintiff adds no new allegations or nonfrivolous bases for holding Reed liable, it would be an exercise in futility to allow the complaint to be amended to reinstate Reed as a defendant. Therefore, plaintiff's motion with respect to Reed must be denied. See Gregory v. Mitchell, 634 F.2d 199, 203 (5th Cir. 1981) (in ruling on a motion to amend, the Court may consider, *inter alia*, the futility of the proposed amendments).

Plaintiff likewise states no non-frivolous claim against Dearing. This is true regardless of whether plaintiff seeks to sue Dearing in an individual capacity, an official capacity, or both.

To the extent that plaintiff seeks to sue Dearing in an individual capacity, any such claim would be barred by Dearing's absolute prosecutorial immunity. "Prosecutorial immunity applies to the prosecutor's actions in initiating the prosecution and in carrying the case through the judicial process." Boyd v. Biggers, 31 F.3d 279, 285 (5th Cir. 1994). A prosecutor's absolute immunity also extends to "actions preliminary to the initiation of a prosecution and actions apart from the courtroom." Buckley v. Fitzsimmons, 509 U.S. 259, 272 (1993) (quotation marks omitted). Further, "[a]bsolute immunity shelters prosecutors even when they act maliciously, wantonly or negligently." Rykers v. Alford, 832 F.2d 895, 897 (5th Cir. 1987) (quotation marks omitted).

To the extent that plaintiff seeks to sue Dearing in an official capacity, his allegations are insufficient. As previously noted, "[o]fficial capacity suits generally represent another way of pleading an action against an entity of which an officer is an agent." Burge v. Parish of St. Tammany, 187 F.3d 452, 466 (5th Cir. 1999). Accordingly, an official-capacity claim against

Dearing would in reality be a claim against the St. Tammany Parish District Attorney's Office. However, the United States Fifth Circuit Court of Appeals has held:

> In order to hold a municipality or a local government unit liable under Section 1983 for the misconduct of one of its employees, a plaintiff must initially allege that an official policy or custom was a cause in fact of the deprivation of rights inflicted. To satisfy the cause in fact requirement, a plaintiff must allege that the custom or policy served as a moving force behind the constitutional violation at issue or that [his] injuries resulted from the execution of an official policy or custom. *The description of a policy or custom and its relationship to the underlying constitutional violation, moreover, cannot be conclusory; it must contain specific facts.*

Spiller v. City of Texas City, Police Department, 130 F.3d 162, 167 (5th Cir. 1997) (emphasis added) (quotation marks, brackets, and citations omitted). Moreover, "[a] plaintiff may not infer a policy merely because harm resulted from some interaction with a governmental entity." Colle v. Brazos County, Texas, 981 F.2d 237, 245 (5th Cir. 1993); see also Wetzel v. Penzato, Civ. Action No. 09-7211, 2009 WL 5125465, at *3 (E.D. La. Dec. 23, 2009). Rather, he must *identify* the policy or custom which allegedly caused the deprivation of his constitutional rights. See, e.g., Murray v. Town of Mansura, 76 Fed. App'x 547, 549 (5th Cir. 2003); Treece v. Louisiana, 74 Fed. App'x 315, 316 (5th Cir. 2003); Wetzel, 2009 WL 5125465, at *3. Here, plaintiff does not allege that his constitutional rights were violated as a result of a policy or custom of the St. Tammany Parish District Attorney's Office, much less identify such a policy or custom.

Further, in any event, the obligation to secure a probable cause determination falls to the law enforcement officer effecting the arrest. La.C.Cr.P. art. 230.2; see also Leschorn v. Fitzgerald, No. 97-3421, 1998 WL 69036, at *2 (6th Cir. Feb. 9, 1998) ("The overwhelming body of law has always been that the person effecting a warrantless arrest of a suspect is the individual charged with delivering the arrestee to a magistrate as soon as practicable."). The law does not indicate that the

District Attorney's Office has any responsibility to procure such determinations or plays any role in that process, and plaintiff makes no non-conclusory allegations that such a role exists. Therefore, there would be no basis for holding Dearing or any other member of St. Tammany Parish District Attorney's Office liable for the purported violation in this case.

Accordingly, for all the foregoing reasons, plaintiff's motion for leave to file an amended complaint, Rec. Doc. 168, is **GRANTED** as to the City of Madisonville, and the complaint is hereby deemed to be amended to assert a claim that the City failed to properly train Officer Haywood Jarrell. Plaintiff's motion is **DENIED** in all other respects.

New Orleans, Louisiana, this sixteenth day of March, 2010.

*[signature]*

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**
