UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

CHRISTOPHER BUCKENBERGER                        CIVIL ACTION

Versus                                          NO.: 06-7393

WALTER REED, ET AL.                             SECTION: "F"

## ORDER AND REASONS

Before the Court is the plaintiff's largely unintelligible motion for writ of mandamus, asking this Court to compel the production of various documents related to the evidentiary hearing that was held in this case on July 21, 2011 from the Magistrate Judge.

## Background

Plaintiff filed a Title 42, United States Code, Section 1983 claim against Officer Jarrell of the Madisonville Police Department in this Court on October 11, 2006. In his complaint, plaintiff asserts that Jarrell failed to ensure that plaintiff received a probable cause determination hearing within 48 hours of his arrest. Plaintiff later moved to amend his complaint, and asserts a Monell claim against the City of Madisonville, arguing that the City failed to adequately train Jarrell, and is therefore responsible for the constitutional violation.

The Magistrate Judge held an evidentiary hearing on the plaintiff's claims. The plaintiff then moved for a transcript of the evidentiary hearing, at the Government's request, citing his need to have the transcript in order to participate in a

telephone conference with the Magistrate Judge.  The Magistrate Judge denied the plaintiff's request by Order dated September 19, 2011, reasoning that since plaintiff was present at the evidentiary hearing, he knew what was said at the hearing, and what happened.  Therefore, the Magistrate Judge concluded, the plaintiff had no need for a transcript in preparation for the telephone conference.

The Magistrate Judge then issued a Report and Recommendation on March 29, 2012, recommending that this Court dismiss the plaintiff's claims.  Shortly thereafter, plaintiff filed the instant motion for a writ of mandamus, asking this Court to compel the production of certain documents from the Magistrate Judge.  Plaintiff seeks: (1) a copy of the evidentiary hearing transcript so he can prepare his objections to the Magistrate Judge's Report and Recommendations; (2) a copy of the outstanding Mississippi warrant that formed the basis of the plaintiff's arrest in 2006; and (3) public records reflecting plaintiff's release from prison in 2005.

I.

The Court begins by noting that a writ of mandamus "is a 'drastic and extraordinary' remedy 'reserved for really extraordinary causes.'"  Ex parte Fahey, 332 U.S. 258, 259-260 (1947).  The U.S. Court of Appeals for the Fifth Circuit has instructed that:

> Because the writ is an extraordinary remedy, the Supreme Court has established three requirements that must be met before a writ may issue: (1) "the party seeking issuance of the writ [must] have no other adequate means to attain the relief he desires--a condition designed to ensure that the writ will not be used as a substitute for the regular appeals process"; (2) "the petitioner must satisfy the burden of showing that [his] right to issuance of the writ is clear and indisputable"; and (3) "even if the first two prerequisites have been met, the issuing court, in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances."

In re Volkswagen of Am., Inc., 545 F.3d 304, 311 (5th Cir. 2008).

The facts of this case do not present the type of "extraordinary cause" for which a writ of mandamus is reserved.

The record in this case discloses that plaintiff has not previously requested a copy of the evidentiary hearing transcript for the purpose of submitting objections to the Magistrate Judge's Report and Recommendation. Instead, the plaintiff requested a copy so that he could prepare for an upcoming telephone conference – an entirely different reason. Therefore, the Magistrate Judge never had the chance to consider the request, which now forms one of the bases of the plaintiff's motion for mandamus. The record also contains no entry showing that the plaintiff has made any effort to secure copies of the Mississippi arrest warrant, or the release from prison records he says he now needs. Without a showing that there is "no other

adequate means" for the plaintiff to obtain the documents he seeks, the plaintiff cannot meet the first prong of the <u>In Re Volkswagen</u> test.

Accordingly, IT IS ORDERED: the plaintiff's motion for a writ of mandamus is DENIED.

New Orleans, Louisiana, June 18, 2012.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE